# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KIMBERLY WHEELER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-115-RAW-GLJ |
| | ) |
| **THE BOARD OF COUNTY** | ) |
| **COMMISSIONERS OF THE** | ) |
| **COUNTY OF LeFLORE, et al.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the court is the objection of the plaintiff to the Report and Recommendation of the United States Magistrate Judge. Plaintiff was employed by LeFlore County from on or about September 2012 until she was discharged on or about November 30, 2020. Plaintiff filed an amended complaint (#22) asserting claims under (1) Title VII; (2) the Equal Pay Act; (3) the First Amendment; (4) the Age Discrimination in Employment Act ("ADEA"); (5) the Americans with Disabilities Act ("ADA") and ADA Amendments Act ("ADAAA"); (6) the Family and Medical Leave Act ("FMLA"); (7) the Fair Labor Standards Act ("FLSA"); (8) for unpaid wages under Oklahoma law (40 O.S. §165.3); (9) breach of contract; (10) a *Burk* tort; (11) interference with an employment relationship, and (12) interference with a

prospective economic advantage.[1]

Defendant LeFlore County Board of County Commissioners filed a motion to dismiss (#24). This case having been referred to Magistrate Judge Jackson (#34), he issued a Report and Recommendation (#36). He recommended partial dismissal of the Title VII claims, dismissal of the First Amendment claim, dismisal of the ADEA claim, dismissal of the ADA claim, partial dismissal of the FMLA claim, and dismissal of the *Burk* claim,

Plaintiff having filed a timely objection, the court must conduct a de novo review of the issues specifically raised by the objection, and may accept, modify, or reject the recommended disposition. *See* 28 U.S.C. §636(b)(1); Rule 72(b)(3) F.R.Cv.P.[2] Defendants have not filed a response to the objection.

To survive Rule 12(b)(6) F.R.Cv.P., a plaintiff's complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Shipps v. Grove,* 2023 WL 3221931, *1 (10th Cir.2023)(citation omitted). A claim is facially plausible when the complaint contains factual content that allows the court to draw the

---

[1] Counts I, II, IV, V, VII, VIII, IX, and X are asserted against Defendant County. Counts III and VI are asserted against all defendants. Counts XI and XII are asserted against individual defendants Smith, Gist and Olive.

[2] Plaintiff does not object to the entire Report and Recommendation, and defendants did not file an objection. In the absence of an objection, the district court may review a Magistrate Judge's recommendation under any standard it deems appropriate. *See Summers v. Utah,* 927 F.2d 1165, 1167 (10th Cir.1991). In this matter, the court has reviewed the Report and Recommendation to satisfy itself that there is "no clear error on the face of the record." Rule 72(b), Advisory Committee Notes.

reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The court must construe the allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff. *Id.*

"While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines,* 671 F.3d 1188, 1192 (10th Cir.2012). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

Plaintiff first objects to the recommended dismissal of her age-based claim. At present, the elements that a plaintiff must plead are somewhat in flux. In *Gross v. FBL Financial Servs., Inc.,* 557 U.S. 167 (2009), the United States Supreme Court stated that a claim under the ADEA requires "but-for" causation. The Report and Recommendation appears to find that the plaintiff's allegations satisfy at least the first three of the traditional elements of a prima facie case.[3]  It went on, however, to cite *Jones v. Oklahoma City Public Schools,* 617 F.3d 1273 (10th Cir.2010), which interpreted *Gross.* The Report and Recommendation held that while "Plaintiff does not need to allege age was the sole factor in her termination, she must allege it was the factor that made a difference." (#36 at 26).

Plaintiff argues that this was error on the part of the Magistrate Judge because (1) *Jones* was a review of a summary judgment ruling rather than a motion to dismiss and (2) the

---

[3] *See Sanchez v. Denver Pub. Schs.,* 164 F.3d 527, 531 (10th Cir.1998).

holding in *Gross* does not apply at the pleading stage.  Under the present state of authority, the undersigned concludes that the Magistrate Judge was correct.  "At the motion-to-dismiss stage, this means that Plaintiff must allege facts that support plausible 'but-for' causation, connecting the alleged discriminatory conduct to an adverse employment action." *Brown v. McDonough,* 2022 WL 4773569, *3 (W.D.Okla.2022)(citing *Branum v. Orscheln Farm & Home, LLC,* 2020 WL 1917334, *3 (E.D.Okla.2020)).  *See also Lively v. WAFRA Inv. Advisory Grp., Inc.,* 6 F.4th 293 (2d Cir.2021)("The Supreme Court has clarified recently that the but-for causation standard for discrimination claims applies not only at trial but at the pleading stage as well."  *Id.* at 303 (citing *Comcast Corp. Nat'l Ass'n of Afr. Am.-Owned Media,* 140 S.Ct. 1009, 1014 (2020)).  The objection is overruled as to the ADEA claim.

Plaintiff also objects to the recommended dismissal of her ADA claim.  This claim asserts a violation of the requirement that a qualified individual not be denied equal jobs or benefits because of the known disability of an individual with whom the qualified individual is known to have a relationship or association.  Plaintiff alleges that her daughter's disability was the reason for plaintiff's termination.  After reciting the elements of a prima face case[4], the Magistrate Judge found that "Plaintiff does not plead facts necessary to satisfy [the] fourth element." (#36 at 28).  This element is that the adverse employment action occurred under circumstances raising a reasonable inference that the disability of the relative or associate was a determining factor in the employer's decision.

---

[4]See Trujillo v. PacfiCorp, 524 F.3d 1149, 1154 (10th Cir.2008)

Plaintiff alleges this factor in the amended complaint (#22 at ¶109), but the Magistrate Judge found that this was merely a "threadbare recital of the element" (#36 at 28). In other words, "Plainitff's conclusory allegation is merely formulaic and does not nudge her association discrimination claim across the line from conceivable to plausible." *Id.* In her objection, plaintiff emphasizes (as alleged in the amended complaint) that the Commissioners were "unsympathetic" to her need to take occasional leave in order to care for her daughter and plaintiff was not given a reason for termination. The undersigned agrees with the Magistrate Judge that the allegations are insufficient as to the ADA claim.

Plaintiff also contends that "the fact that she was subjectively fired without reason, supports the inference that her termination was motivated by her association with her disabled daughter." (#38 at 6). The undersigned disagrees. Plaintiff was at at-will employee. Aside from exceptions recognized in statutory or case law, such an employee may be terminated for "any reason or no reason." *Southon v. Okla. Tire Recyclers, LLC,* 443 P.3d 566, 573 n.4 (Okla.2019). The use of subjective reasons is not prohibited in the common law context. Plaintiff must allege sufficient facts for the reasonable inference of impropriety to manifest itself. Simply alleging that the Commissioners were unsympathetic regarding her daughter is insufficient to suggest a logical nexus.

Finally, plaintiff objects to the proposed dismissal of her claim under *Burk v. K-Mart Corp.,* 770 P.2d 24 (Okla.1989). The elements of the claim are set forth in *Patel v. Tulsa Pain Consultants, Inc., P.C.,* 511 P.3d 1059, 1062 (Okla.2022). Plaintiff alleges that the

County was awarded a federal grant under the CARES Act and that the money was to provide reimbursement for certain salaries, Personal Protective Equipment, cleaning supplies, and other COVID-related expenses. She alleges Commissioners Smith, Gist, and Olive commented that they wanted to use the grant money for roads, to remodel the courthouse, and for other non-COVID-related items.

Plaintiff alleges she informed the Commissioners the money could not be used for roads or other items but rather for specific COVID-related reimbursements. She alleges the Commissioners were "dismissive" of her statements. She alleges a Board meeting took place on or about November 30, 2020 where it was announced plaintiff had acquired a $1.2 million dollar grant under the CARES Act for the County. After the meeting adjourned, Commissioners Smith, Gist, and Olive continued informal discussions among themselves. Plaintiff returned to her office, where Smith later came to her and terminated her employment. Plaintiff alleges she was terminated in retaliation for opposing the Commissioners' intent to misuse public funds (i.e., funds from the federal government for COVID relief were to be used for road repair or other non-COVID-related matters).

The Report and Recommendation found insufficient allegations of the third element required to be pled: the discharge was based in significant part for a reason that violates an Oklahoma public policy goal. (#36 at 45, 47). "Only a specific Oklahoma court decision, state legislative or constitutional provision, or a provision in the federal constitution that prescribes a norm of conduct for the state can serve as a source of Oklahoma' public policy."

*Darrow v. Integris Health, Inc.,* 176 P.3d 1204, 1212 (Okla.2008). Plaintiff contends "she was terminated in retaliation for opposing the Commissioners intent to misuse public funds." (#36 at 45). Although broad and vague, allegations of "misuse of public funds" have been found sufficient in this context. *See Brewer v. Baptist's Inc.,* 2013 WL 500933, *2 (W.D.Okla.2013).[5] The undersigned finds this aspect satisfied at this stage.

The Report and Recommendation also found that plaintiff's allegation that the Commissioners had a "stated intent" to misuse the grant funds is simply conclusory. (#36 at 47). The amended complaint alleges that at a Board meeting, with plaintiff in attendance, Commissioners "commented they wanted to use the grant money for roads, to remodel the courthouse and for other non-COVID-related items." (#22 at ¶62). The undersigned finds this to be a factual allegation rather than a conclusory one and that it is sufficient. This necessarily requires adopting plaintiff's definition of "misuse" but at this stage the court is required to construe the allegations in the light most favorable to plaintiff.

Finally, the Magistrate Judge also states: plaintiff's "allegation that the Commissioners were 'dismissive' does not allege a nexus between her advice, even if it could be construed as engaging in a protected action, any actual or intended misuse of the grant funds, and her termination." (#36 at 47). In the view of the undersigned, the

---

[5] More will be required from plaintiff at the summary judgment stage. For example, plaintiff does not cite the source of her belief that it constitutes "misuse" for a County to use CARES Act funds for other needs. "A federal statute, standing alone, does not articulate Oklahoma's public policy." *Darrow,* 176 P.3d at 1212.

7

"tiebreaker" here is that plaintiff was allegedly discharged on the very day it was announced the County had received the CARES Act grant. The extreme temporal proximity permits an inference that the Commissioners sought to remove a possible impediment (i.e., the plaintiff) to their latitude in disbursing the funds. A close question is presented, but the undersigned declines to adopt the recommendation of dismissal as to plaintiff's *Burk* claim.

It is the order of the court that the Report and Recommendation (#36) is adopted in part and declined in part. The motion to dismiss (#24) of defendant Board of County Commissioners of LeFlore County is granted in part and denied in part.

As against defendant Board, plaintiff's Title VII claim (Count I) is dismissed as to hostile work environment and retaliation but survives as to gender/sex discrimination and wage discrimination. Plaintiff's First Amendment claim (Count III) is dismissed. Plaintiff's claim under the Age Discrimination in Employment Act (Count IV) is dismissed. Plaintiff's claim under the Americans with Disabilities Act (Count V) is dismissed. Plaintiff's claim under the Family and Medical Leave Act (Count VI) is dismissed as to interference by termination and retaliation, but survives as to interference including failure to notify and discouragement.

In all other respects, the motion to dismiss is denied.

**IT IS SO ORDERED** this 19th day of MAY, 2023.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**