# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KIMBERLY WHEELER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-115-RAW-GLJ |
| | ) |
| **THE BOARD OF COUNTY** | ) |
| **COMMISSIONERS OF THE** | ) |
| **COUNTY OF LeFLORE, et al.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the court is the objection of the plaintiff to the Report and Recommendation of the United States Magistrate Judge regarding the motion to dismiss of defendants Smith, Gist, and Olive. Plaintiff was employed by LeFlore County from on or about September 2012 until she was discharged on or about November 30, 2020. Plaintiff filed an amended complaint (#22) asserting claims under (1) Title VII; (2) the Equal Pay Act; (3) the First Amendment; (4) the Age Discrimination in Employment Act ("ADEA"); (5) the Americans with Disabilities Act ("ADA") and ADA Amendments Act ("ADAAA"); (6) the Family Medical Leave Act ("FMLA"); (7) the Fair Labor Standards Act ("FLSA"); (8) for unpaid wages under Oklahoma law (40 O.S. §165.3); (9) breach of contract; (10) a *Burk* tort; (11)

interference with an employment relationship, and (12) interference with a prospective economic advantage.[1]

The individual defendants filed a motion to dismiss (#25). This case having been referred to Magistrate Judge Jackson (#34), he issued a Report and Recommendation (#37). He recommended the motion be granted.

Plaintiff having filed a timely objection, the court must conduct a de novo review of the issues specifically raised by the objection, and may accept, modify, or reject the recommended disposition. *See* 28 U.S.C. §636(b)(1); Rule 72(b)(3) F.R.Cv.P.[2] Defendants have not filed a response to the objection.

To survive Rule 12(b)(6) F.R.Cv.P., a plaintiff's complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Shipps v. Grove,* 2023 WL 3221931, *1 (10th Cir.2023)(citation omitted). A claim is facially plausible when the complaint contains factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The court

---

[1] Counts I, II, IV, V, VII, VIII, IX, and X are asserted against Defendant County. Counts III and VI are asserted against all defendants. Counts XI and XII are asserted against individual defendants Smith, Gist and Olive.

[2] Plaintiff does not object to the entire Report and Recommendation, and defendants did not file an objection. In the absence of an objection, the district court may review a Magistrate Judge's recommendation under any standard it deems appropriate. *See Summers v. Utah,* 927 F.2d 1165, 1167 (10th Cir.1991). In this matter, the court has reviewed the Report and Recommendation to satisfy itself that there is "no clear error on the face of the record." Rule 72(b), Advisory Committee Notes.

must construe the allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff. *Id.*

"While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines,* 671 F.3d 1188, 1192 (10th Cir.2012). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

Plaintiff asks the undersigned to "decline to adopt" the Report and Recommendation, but does not articulate an objection to the Magistrate Judge's recommendation as to plaintiff's First Amendment claim. After review, the recommendation will be followed and that claim is dismissed as to the individual defendants.

Plaintiff objects to the recommended dismissal of her FMLA claim. Plaintiff notes that the Magistrate Judge recommended denial of the Board's motion to dismiss this claim. The undersigned does not view this as a contradiction. The Report and Recommendation concluded that "[a]lthough such collective references to the 'Commissioners' or Individual Defendants set forth a FMLA interference claim against the County, such collective allegations do not adequately allege a plausible claim against any of the particular Individual Defendants." (#37 at 17)(footnote omitted).

Plaintiff contends that the lack of specific allegations can be "easily corrected" by permitting another amended complaint. The court declines to do so. The original complaint

3

was filed over a year ago, and the necessity for specific allegations against specific defendants is well-established in the case law cited by the Magistrate Judge. The FMLA claim against the individual defendants is dismissed.[3]

Next, as to plaintiff's claim against the individual defendants of interference with an employment relationship, the Magistrate Judge concluded "Plaintiff does not allege any non-conclusory facts that the Individual Defendants acted against the interests of the County, acted in their own interest, or acted with malice or bad faith towards Plaintiff." (#37 at 24).[4] Accordingly, "Plaintiff does not sufficiently state a plausible claim that the Individual Defendants tortiously interfered with her employment agreement." *Id.* at 25. Upon de novo review, the undersigned overrules the plaintiff's objection and adopts this ruling.

Finally, the Magistrate Judge also recommended that plaintiff's claim for interference with a prospective economic advantage be dismissed. Under similar reasoning applied to the previous claim, the Magistrate Judge found "Plaintiff does not sufficiently state a plausible claim that the Individual Defendants tortiously interfered with prospective economic advantage." *Id.* at 27. The undersigned finds this recommendation correct as well.

---

[3] Moreover, the Magistrate Judge only found that plaintiff had stated a plausible claim against the Board for failure to notify of FMLA rights and discouragement from using leave. (#36 at 34). He rejected any FMLA claim of adverse action or retaliation against the Board as to plaintiff's termination, as he did regarding the individual defendants. *Id*. at 35-37. Failure to give notice is necessarily a "collective" action.

[4] Bolstering the latter finding is the fact that the "predicate" claims of First Amendment violation or FMLA violation were found to be subject to dismissal. (#37 at 23).

It is the order of the court that the objection of the plaintiff (#39) is hereby denied. The Report and Recommendation (#37) is affirmed and adopted as the order of the court. The motion of the individual defendants to dismiss (#25) is granted in all respects. Counts III, VI, XI, and XII are dismissed as to the individual defendants, who are dismissed as party defendants. The case proceeds against the County on the surviving claims discussed in a companion order.

**IT IS SO ORDERED** this 19th day of MAY, 2023.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**